UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>MICHELLE SELJAN a/k/a MICHELE SELJAN<br><br>Defendant. | CASE NUMBER: 3:18CR053-001<br>USM Number: 17471-027<br><br>MICHAEL J TUSZYNSKI<br>DEFENDANT'S ATTORNEY |
|---|---|

## JUDGMENT IN A CRIMINAL CASE

**THE DEFENDANT** pleaded guilty to counts 1 and 2 of the Information on April 27, 2018.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title, Section & Nature of Offense | Date Offense Ended | Count Number(s) |
|---|---|---|
| 18:666(a)(1)(A) THEFT OF FEDERAL FUNDS | 2015 | 1 |
| 26:7201 TAX EVASION | 2015 | 2 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, mailing address or other material change in the defendant's economic circumstances until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

December 19, 2018
Date of Imposition of Judgment

s/ Jon E. DeGuilio
Signature of Judge

Jon E. DeGuilio, United States District Judge
Name and Title of Judge

December 20, 2018
Date

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **37 months imprisonment on each of Counts 1 and 2 (to run concurrently) for a total term of 37 months.**

The Court makes the following recommendations to the Bureau of Prisons:  That the Bureau of Prisons designate as the place of the defendant's confinement, if such placement is consistent with the defendant's security classification as determined by the Bureau of Prisons, the facility in Alderson, West Virginia, where she may participate in various programs at the institution.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons no later than **9:00 A.M.** on **January 30, 2019** as notified by the United States Marshal. If Defendant is unable to report to the designated institution as required, then Defendant shall voluntarily surrender to the United States Marshal's office located in the South Bend Federal Courthouse on the required date and time.

## RETURN

I have executed this judgment as follows:

    Defendant delivered _____ to _____ at _____,
with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
DEPUTY UNITED STATES MARSHAL

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **1 year on each of Counts 1 and 2 (to run concurrently) for a total term of 1 year.**

# CONDITIONS OF SUPERVISION

1. The defendant shall not commit another federal, state, or local crime.

2. The defendant shall not unlawfully possess a controlled substance.

3. The mandatory drug testing condition is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

4. The defendant shall cooperate with the probation officer with respect to the collection of DNA.

5. The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so.  If you become unemployed, change your employer, position or location of employment, you must tell the probation officer within 72 hours of the change. If after 90 days you do not find employment you must complete at least 10 hours of community service per week until employed or participate in a job skills training program approved and directed by your probation officer.

6. The defendant shall report to the probation officer in the manner and as frequently as court or the probation officer directs, and shall notify the probation officer within 48 hours of any change in residence, and within 72 hours of being arrested or questioned by a police officer.

7. The defendant shall not knowingly travel outside the district without the permission of the probation officer, who shall grant such permission unless the travel would hinder the defendant's rehabilitation or present a public safety risk.

8. The defendant shall answer truthfully any inquiry by the probation officer pertaining to the defendant's supervision and conditions of supervision, and shall follow the instruction of the probation officer pertaining to the defendant's supervision and conditions of supervision. This condition does not prevent the defendant from invoking the Fifth Amendment privilege against self-incrimination.

9. The defendant shall permit a probation officer to meet the defendant at home or any other reasonable location and shall permit confiscation of any contraband the probation officer observes in plain view. The probation officer shall not conduct such a visit between the hours of 11:00 p.m. and 7:00 a.m. without specific reason to believe a visit during those hours would reveal information or contraband that wouldn't be revealed through a visit during regular hours.

10. The defendant shall not meet, communicate, or otherwise interact with persons whom defendant knows to be engaged or planning to be engaged in criminal activity.

11. The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (meaning an instrument designed to be used as a weapon and capable of causing death or serious bodily harm).

12. The defendant shall provide the probation officer any and all requested financial information, including copies of state and federal tax returns.

13. The defendant shall not seek or maintain employment that includes unsupervised financial or fiduciary-related duties, without the prior approval of the probation officer.

14. It is further ordered that the defendant shall pay restitution to the United States District Court Clerk's Office, South Bend, Indiana, which shall be due immediately, to be disbursed to the following victim(s), U.S. Department of Housing and Urban Development in the amount of $633,628.00 and the Internal Revenue Service in the amount of $201,696.00. The defendant shall commence restitution payments in the manner and schedule as determined by the Court. The imposed payment schedule will remain in effect until such time as the Court is notified by the defendant, victim, or government that there has been a material change in the defendant's ability to pay. Restitution shall be paid at a minimum rate of $100.00 per month commencing 30 days after placement on supervision until said amount is paid in full. Failure to pay according to this condition shall not be grounds for imprisonment unless the failure is willful.

Within 72 hours of defendant's release from prison, the probation officer is to meet with and remind the defendant of the conditions of her supervision and also to consider whether to recommend to the Court any modifications of or additions to those conditions in light of any changes in the defendant's circumstances since the sentencing hearing. Consistent with *United States v. Siegel* (7th Cir. May 29, 2014), the Court also directs the Probation Office to notify the Court within 30 days of defendant's placement on supervision so that it may consider any appropriate modifications to the defendant's supervised release and schedule a hearing on that topic, if necessary. The defendant may also request a modification of these conditions at any time by filing a written motion with the Court.

Case Number: 3:18CR053-001
Defendant: MICHELLE SELJAN a/k/a MICHELE SELJAN                                                          Page 5 of 7

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $200.00 | NONE | $835,324.00 |

The total assessment consists of $100.00 on each count. The defendant shall make the special assessment payment payable to Clerk, U.S. District Court, 102 Robert A. Grant Courthouse, 204 South Main Street, South Bend, IN 46601. The special assessment payment shall be due immediately.

## FINE

No fine imposed.

## RESTITUTION

Restitution in the amount of $835,324.00 is hereby imposed.

The defendant shall make restitution payments (including community restitution, if applicable) payable to Clerk, U.S. District Court, 102 Robert A. Grant Courthouse, 204 South Main Street, South Bend, IN 46601, for the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| U.S. Department of Housing and Urban Development | 633,628.00 | 633,628.00 | |
| Internal Revenue Service | 201,696.00 | 201,696.00 | |
| **Totals** | $835,324.00 | $835,324.00 | |

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   Lump sum payment of $835,324.00 is due, $633,628.00 of which is due immediately, in accordance with B, below;

B   Payment in equal monthly installments of not less than $100.00, to commence 30 days after placement on supervision;

The defendant may also make payments for her financial obligations imposed herein from any wages she may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program, although participation in that program is voluntary. The defendant should note that failure to participate in the Financial Responsibility Program while incarcerated may result in the denial of certain privileges to which she might otherwise be entitled while imprisoned, and that the Bureau of Prisons has the discretion to make such a determination.  Any portion of the defendant's financial obligations not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Name: <u>MICHELLE SELJAN a/k/a MICHELE SELJAN</u>
Docket No.: <u>3:18CR053-001</u>

# ACKNOWLEDGMENT OF SUPERVISION CONDITIONS

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

I have reviewed the Judgment and Commitment Order in my case and the supervision conditions therein. These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____          _____
Defendant                                                                         Date


_____          _____
U.S. Probation Officer/Designated Witness                        Date